(No. 3661—

MURIEL HEATH, A MINOR, BY GEORGE HEATH, HER FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1942.*

GRAHAM & GRAHAM AND FORTH & FORTH, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

FISHER, J.

Complaint was filed on November 12, 1941, by Muriel Heath, a minor of the age of fourteen years, by George Heath, her father and next friend, alleging among other things that claimant, a minor of the age of fourteen years, was deaf, and with other deaf children was an inmate of the Illinois School for the Deaf which was owned and controlled by respondent; that on April 26, 1941, while claimant was playing upon the grounds surrounding said buildings a fire escape fell and

struck the claimant and caused her to be injured; that the said injury resulted from the negligence of the respondent in not keeping the said fire escape in a reasonably safe condition.

Claimant seeks damages in the sum of Five Thousand Dollars ($5,000.00).

Respondent has filed a motion to dismiss the complaint on the grounds—

1. That the claimant's complaint does not set forth a claim which the State of Illinois as a sovereign commonwealth should discharge and pay for the reason that therein claimant seeks an award for alleged injuries sustained by her while she was a student at "The Illinois School for the Deaf" in the city of Jacksonville, Illinois, and a ward of the State of Illinois in said school, occasioned by the alleged negligence of the respondent.

2. That an award cannot be made by the Court of Claims solely on the basis of equity and good conscience, where there is no legal basis for such an award.

3. That the complaint does not comply with Rules 5(a); 5(b) and 6(a) of the Court of Claims.

The complaint in this case does not comply with Rules 5(a), 5(b) and 6(a) of the Court of Claims, but since the complaint could be amended to conform with the rules it is immaterial that they be considered, inasmuch as the court is of the opinion that no award could be made in this claim on its merits.

This court has repeatedly held that the State, in the exercise of its governmental functions, is not liable for injuries resulting from the negligence of its servants, agents or employees. This court has also held that the doctrine of respondent superior does not apply; also that an award cannot be made solely on the basis of equity and good conscience in the absence of a legal or equitable basis on which an award could be made.

Respondent's motion to dismiss is sustained, and the claim is hereby dismissed.